IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff/Stakeholder,<br><br>v.<br><br>SIEGFRIED L. NOBLE, the ESTATE OF DEBORAH S.A. NOBLE, DOMINGO CONTRERAS, JR., individually, and as natural guardian and next of kin of L.N.C. and S.N.C., and ANDY NOBLE CONTRERAS,<br><br>    Defendants/Claimants. | Case No. 1:18-cv-04576<br><br>*Hon. Sharon Johnson Coleman*<br>*Magistrate Judge Michael A. Mason* |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM AND FOR ENTRY OF FINAL DECREE OF INTERPLEADER AND AWARD OF ATTORNEYS' FEES AND COSTS**

Plaintiff Principal Life Insurance Company ("Principal Life"), by its undersigned counsel, hereby moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Defendants Siegfried L. Noble and the Estate of Deborah S.A. Noble's ("Noble claimants") counterclaim against it with prejudice and for entry of final decree of interpleader and award of attorneys' fees and costs for the following reasons.

**INTRODUCTION**

The Noble claimants and Defendants Domingo Contreras, Jr., individually, and as natural guardian and next of kin of L.N.C. and S.N.C., and Andy Noble Contreras ("Contreras claimants") (collectively "Claimants") contest who is entitled to the proceeds ("Proceeds") of life insurance policy No. 3458181 ("Policy") on the life of Hazel Emily Noble Contreras ("Decedent"), issued by Bankers Life Company (now known as Principal Life Insurance Company) with a face amount

2588509v.1

of $100,000.00. Principal Life is a disinterested stakeholder in this matter and after determining that it could not safely pay the Proceeds without exposing itself to multiple litigation or multiple liability or both given the rival claims to the Proceeds asserted by the Contreras claimants and the Noble claimants, it filed the present action in interpleader on July 2, 2018. [DE #1] On September 24, 2018, Principal Life moved to deposit the Proceeds with the Court [DE #16] and the Court granted the motion on September 28, 2018. [DE #20]

On September 10, 2018, the Noble claimants filed a counterclaim against Principal Life. [DE #12] As relevant to this Motion, the Noble claimants' counterclaim alleges breach of contract against Principal Life relating to payment of the Proceeds. (Id.)

For the reasons explained further below, the Noble claimants' counterclaim should be dismissed because an interpleader plaintiff, such as Principal Life, is immune from counterclaims that are not truly independent of who is entitled to the life insurance proceeds at issue. In this case, the Noble claimants' claim against Principal Life directly relates to and is not truly independent of who is entitled to the Proceeds -- the question this interpleader was brought to resolve. Accordingly, the Noble claimants' counterclaim fails to and can never state a claim against Principal Life. The counterclaim should be dismissed with prejudice in its entirety. Moreover, upon deposit of the Proceeds, Principal Life is entitled to discharge and dismissal as outlined in its Complaint for Interpleader Relief. As disinterested stakeholder in an interpleader action, Principal Life is also entitled to attorneys' fees and costs incurred in this matter.

## FACTS

Effective September 15, 1983, Bankers Life Company (now known as Principal Life Insurance Company) issued life insurance policy No. 3458181 ("Policy") on the life of Hazel Emily Noble Contreras, deceased, ("Decedent") with a face amount of $100,000.00. A true and

2588509v.1

correct copy of the Policy is attached to Principal Life's interpleader complaint as **Exhibit A.** The Decedent designated her parents, Defendant/Claimant Siegfried L. Noble and Deborah S.A. Noble as "primary beneficiaries equally if living," otherwise, the Policy proceeds were to be payable to the survivor. The Decedent's parents, upon information and belief, made the premium payments on the Policy. A true and correct copy of the beneficiary designation is attached to Principal Life's interpleader complaint as **Exhibit B.**

On May 5, 1990, Decedent married Defendant/Claimant Domingo Contreras, Jr. ("Contreras") Three children, Defendant/Claimant Andy Noble Contreras, L.N.C. and S.N.C. were born to the couple. The marriage ended in divorce in 2016 with the couple maintaining joint custody over the couple's minor children, who, at this point are L.N.C. and S.N.C. On November 12, 2017, the Decedent died as a result of complications related to chronic heart failure and diabetes.

Under the terms of the Policy, and on account of the death of Decedent, whose life was insured under the Policy, Principal Life became obligated to pay the sums due under the Policy in the total amount of $94,779.60 after subtraction of a prior loan. ("Proceeds"). On November 16, 2017, after having been notified of the Decedent's death, Principal Life sent claim forms to the named beneficiaries, Defendant/Claimant Siegfried L. Noble and Deborah S. A. Noble. On or about December 11, 2017, Principal Life received copies of completed claim forms from Defendant/Claimant Siegfried L. Noble and Deborah S. A. Noble along with a copy of the Decedent's death certificate. A day later, on December 12, 2017, Principal Life received a telephone call from Contreras, requesting information relative to the Policy and whether the Proceeds had been paid. Contreras maintained that he was entitled to the Proceeds as a result of the terms of his divorce from the Decedent. He provided a copy of his divorce decree the same

day. A true and correct copy of the divorce decree dated May 11, 2016 is attached to Principal Life's interpleader complaint as **Exhibit E.** The divorce decree, in relevant part, provides as follows:

### ARTICLE V
### LIFE INSURANCE

> HAZEL and DOMINGO each agree to keep in effect a policy of life insurance insuring their own life for at least $100,000.00 with the other parent listed as the trustee for all 3 children of the marriage, with all 3 children listed as the irrevocable beneficiaries. Each party agrees to deliver a copy of said policy to the other party within 30 days of entry of this Judgment; pay the premiums as they become due; maintain said policy free from any encumbrances, loans or charges; renew said policy when required so as to keep it fully effective; complete all other acts and execute all documents needed to keep said policies in full force and effect and to accomplish all directions stated above and furnish to the other, at such times as may be reasonably requested, documentation proving that the required policies and beneficiary designation remain in effect, including duplicate receipts of proof of payment, in any, of the premiums of the policy, along with copies of the policy. This obligation will terminate once the youngest minor reaches 18 years of age or through the end of December 2020.

[DE #1, Ex. E, p. 4]

On December 18, 2017, Principal Life informed the agent, who had been assisting Defendant/Claimant Siegfried L. Noble and Deborah S.A. Noble with their claim, that a conflicting claim to the Proceeds had been asserted. Also, on December 18, 2017, Principal Life contacted Contreras, inquiring as to whether he intended to submit a formal claim for the Proceeds. During a subsequent telephone conference between Principal Life and Contreras on December 20, 2017, Contreras confirmed that he contested payment to the Decedent's parents and demanded payment of the Proceeds. On December 22, 2017, Principal Life was provided with Contreras' attorney's contact information. Subsequently, also on December 22, 2017, Principal Life contacted both claimants, informing them of its intent to file an interpleader action and encouraging the parties to reach an amicable agreement prior to court involvement. A true and correct copy of Principal

Life's December 22, 2017 letter is attached to Principal Life's interpleader complaint as **Exhibit F.** During a telephone conference with the Noble claimants' attorney, Alisa Levin, on January 30, 2018, Principal Life was informed that she would attempt to reach out to Contreras' attorney to explore an amicable resolution. When it did not hear back, Principal Life followed up with both attorneys on March 12, 2018 and Contreras' attorney confirmed that negotiations had begun. On or about April 6, 2018, Principal Life was informed that Deborah S. A. Noble had died.

Upon Principal Life's follow up on the claimants' negotiations on April 13 and again on April 23, 2018, Attorney Levin eventually informed Principal Life that Defendant/Claimant Siegfried L. Noble maintained his position that Contreras was not entitled to the Proceeds and would "fight him over every penny." A copy of Attorney Levin's April 23, 2018 email is attached to Principal Life's interpleader complaint as **Exhibit G.** On July 2, 2018, Principal Life filed the present action, interpleading the claimants and requesting leave to deposit the Proceeds. [DE #1] All claimants have answered the Complaint and filed crossclaims against each other. [DE #12, 14] The Noble claimants and the Contreras claimants also both filed counterclaims against Principal Life related to payment of the Proceeds to each of them. [DE #12, 14] Principal Life reached out to both, the Noble claimants and the Contreras claimants, providing case law in an effort to avoid unnecessary motion practice regarding the filed counterclaims. A copy of the respective email exchanges is attached hereto as **Exhibit 1.** While the Contreras claimants dismissed their counterclaim by notice filed on September 24, 2018 [DE #15, 19], the Noble Claimants insisted on pursuing their claim, alleging that the Noble claimants are the only rightful beneficiaries to the Proceeds. [DE #12] They complain that Principal Life breached the Policy by filing an interpleader complaint instead of paying the Proceeds directly to the Noble claimants. [DE #12]

2588509v.1

**LEGAL ARGUMENT**

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court promulgated heightened pleading standards that govern pleadings in all civil actions.[1] Under these heightened pleading standards, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face" in order to survive dismissal. *Twombly*, 550 U.S. at 570.

Under this standard, "factual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citing 5 C. Wright & A. Miller, Fed. Prac. & Proc., §1216, pp. 235-236 (3d. ed. 2004)). A plaintiff's obligation to provide the grounds of his or her entitlement to relief "requires more than labels and conclusion, and a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555. In fact, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**I.    The Noble Claimants' Counterclaim Fails To State A Claim Against Principal Life And Should Be Dismissed With Prejudice.**

**A.    Principal Life Is Clearly Entitled To Interpleader Relief.**

"Interpleader is an equitable procedure used when the stakeholder is in danger of exposure to double liability or the vexation of litigating conflicting claims." *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008). Interpleader exists for the purpose of aiding "a neutral stakeholder, usually

---

[1] In *Twombly*, the Supreme Court issued an interpretation of the pleadings requirements set forth in Rule 8(a)(2), which the *Iqbal* court explicitly held governs pleading in *all* civil actions. *Iqbal*, 556 U.S. at 684.

6

an insurance company or bank, to shield itself from liability for paying over the stake to the wrong party. This is done by forcing all the claimants to litigate their claims in a single action brought by the stakeholder." *Berthoud v. Veselik, et al,* No. 01 C. 6895, 2003 U.S. Dist. LEXIS 4809, *5 (N.D. Ill. 2003) (quoting *Indianapolis Colts v. Mayor and City Council of Baltimore*, 733 F.2d. 484, 486 (7th Cir. 1984)); *see also Summit Fin. Res. L.P. v. Big Dog Enters. Logistics, LLC, et al*, No.: 07-CV-0187-MJR-CJP, 2008 U.S. Dist. LEXIS 19380, *8 (S.D. Ill. 2008). "An interpleader action permits [the stakeholder] to put the money * * * in dispute into court, withdraw from the proceedings, and leave the claimants to litigate between themselves the ownership of the fund in court.'" *Metro Life Ins. Co. v. Johnson*, 2012 U.S. Dist. LEXIS 83135, at *3 (N.D. Ill. June 13, 2012) (quoting *Commercial Nat'l Bank of Chicago v. Demos*, 18 F.3d 485, 487 (7th Cir. 1994)). Thus, "'[t]he result is that the competing claimants are left to litigate between themselves, while the stakeholder is discharged from any further liability with respect to the subject of the dispute.'" *Metro Life*, 2012 U.S. Dist. LEXIS 83135, 2012 WL 2192283 at *3 (quoting *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009)). As such, courts have referenced the two stages in an interpleader action. *See Plan Adm'r for the Gail & Rice, Inc. Profit Sharing Plan v. Gail & Rice, Inc.*, No. 10-11091, 2011 U.S. Dist. LEXIS 3188 (E.D. Mich., 2011) (citing *U.S. v. High Technology Products, Inc.,* 497 F.3d 637, 641 (6th Cir. 2007).) At the first stage, the court determines whether interpleader is proper and whether to discharge the stakeholder from further liability to the claimants' funds. *Id.* At the second stage, the court evaluates "the respective rights of the claimants to the fund or property at stake." *Id.* When the court decides that interpleader is available, it issues an order discharging the stakeholder, if the stakeholder is disinterested. *Id*.

In this case, Principal Life has admitted liability for payment of the Proceeds of the Policy and is a disinterested stakeholder faced with competing claims to the Proceeds made by the Noble

7

claimants and the Contreras claimants. While contesting the viability of the Contreras Claimants' claim to the Proceeds, the Noble Claimants do not dispute that the Contreras Claimants have made a claim to the Proceeds and have retained counsel to represent them pertaining to such claim. After service with the complaint, the Contreras Claimants have been incurring attorneys' fees in that their counsel has entered an appearance and has filed an answer as well as a crossclaim against the Noble Claimants relating to the Proceeds in this matter, further evidencing the *actuality* of the Contreras' Claimants' claim to the Proceeds. As such, there is no question here that actual, rival, adverse and conflicting claims to the Proceeds exist. As Principal Life did not bring about these conflicting claims (and neither party claims that it did) and is blameless in this dispute, Principal Life is an innocent stakeholder. Accordingly, Principal Life filed a Complaint for Interpleader Relief to avoid multiple liability, multiple litigation or both. For that reason alone, Principal Life's interpleader is proper.

The Noble Claimants' contest and counterclaim appears to rest on the belief that the Contreras Claimants' claim is not "viable" and, as such, Principal Life had no "real or reasonable fear" of multiple liabilities to support the filing of an interpleader (and hence, allegedly breached the contract by not paying the Proceeds to the Noble Claimants.) The Noble Claimants misunderstand the law. As explained by the Seventh Circuit in *Aaron,* 550 F.3d at 663, "[a] 'real and reasonable fear' does not require the party requesting interpleader to show that the claimants might eventually prevail. 'Of course, the claims of some interpleaded parties will ultimately be determined to be without merit. That, however, is the very purpose of the proceeding and it would make little sense in terms either of protecting the stakeholder or of doing justice expeditiously to dismiss one possible claimant because another possible claimant asserts the claim of the first is without merit.'" *Id.* (quoting *Union Cent. Life Ins. Co. v. Hamilton Steel Prods., Inc.*, 448 F.2d

501, 504 (7th Cir. 1971); *John Hancock Mut. Life Ins. Co. v. Beardslee*, 216 F.2d 457, 460 (7th Cir. 1954) ("[T]he conflicting claims against the funds need not be such claims as can finally be proved in court."). *See also Union Cent. Life Ins. Co.*, 448 F.2d at 503 (noting that interpleaded parties were proper because they were adverse claimants who claimed or might claim to be entitled to the funds held by the stakeholder); *Metro. Life Ins. Co. v. Whitler*, 172 F.2d 631, 632 (7th Cir. 1949) (noting that statutory interpleader was appropriate where two individuals claimed to be the beneficiary of a life insurance policy). Principal Life's fear of multiple liability or litigation was "real and reasonable" in this matter and its interpleader is proper.

### B. The Noble Claimants' Counterclaim Against Principal Life Is Not Truly Independent Of Who Is Entitled To The Policy Proceeds.

In the Noble Claimants' counterclaim as well as in their answer to Principal Life's complaint, they repeatedly admit that that there is a dispute between them and the Contreras Claimants as to who is entitled to the Proceeds, leading to Principal Life's filing of the present action. [DE #12 at ¶¶ 17, 19, 20, 21, 25, 42] As they maintain, however, that the Contreras Claimants do not have a "viable" claim because the Noble Claimants are the named beneficiaries, they request that the Court find that Principal Life be "adjudge[d] liable for the full amount of $100,000," *id.* at p. 19. Because the Noble Claimants readily admit that there is a dispute between the Defendants/Claimants in regards to the Proceeds – and as such, the Noble Claimants implicitly agree with the relief sought by Principal Life in this interpleader -- their counterclaim must be dismissed as improper.

While the Seventh Circuit precedent on counterclaim protections of an interpleader plaintiff is not fully developed, the Third Circuit's decision in *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009) and its progeny, including the court's decision in *Allstate Life*

9

2588509v.1

*Ins. Co. v. Shaw*, No. 15-11761, 2016 U.S. Dist. LEXIS 55094 (E. D. Mich. April 26, 2016) is illustrative. In *Hovis,* a counterclaim was brought against the interpleader plaintiff for breach of contract, negligence, breach of fiduciary duty, bad faith and unfair trade practices, which claims all related to the interpleader plaintiff's alleged failure to process a request to change the ownership and beneficiary of the policy in a timely manner. 553 F.3d at 261. The Third Circuit acknowledged that if the interpleader plaintiff "had immediately paid [the counterclaimant] the proceeds of [the life insurance policy], [he] would not have brought an action against [the interpleader plaintiff] based on any of the causes of action that were counterclaimed." *Id.* (citation omitted). As such, the Third Circuit determined that each of the counterclaims asserted concerned only the interpleader plaintiff's failure to resolve its investigation in favor of the counterclaimant and pay out the proceeds, and that, therefore, the counterclaims were not "truly independent of who was entitled to the life insurance proceeds, which is the issue the interpleader action was brought to settle." *Id*. at 264-65. Thus, where a stakeholder is blameless with respect to the existence of the ownership controversy, the bringing of an interpleader action protects the stakeholder from liability to the claimants both for further claims to the stake and for any claims directly relating to its failure to resolve that controversy. *Id.* at 265 (citation omitted).

      Here, just as the counterclaims at issue in *Hovis*, the Noble Claimants' counterclaim is not truly independent. Instead, their counterclaim is solely premised on the assertion that Principal Life should have concluded that the Noble Claimants are the only rightful beneficiaries of the Policy and should have paid the Policy Proceeds to the Noble Claimants. [DE #12, at ¶¶ 32, 34-38]. Indeed, the counterclaim would not have been brought had Principal Life paid the Proceeds to the Noble claimants.

2588509v.1

In other words, the Noble Claimants concede that the Contreras Claimants have made a rival claim to the Proceeds, but contend that the Contreras Claimants' claim is not valid and that the Noble Claimants are the only rightful beneficiary to the Policy Proceeds. [DE #12] This is the precise question for the Court to resolve in stage two of the interpleader litigation, when it decides whether the Noble Claimants or the Contreras Claimants are entitled to the Proceeds of the Policy. More particularly, the issue the Noble Claimants and the Contreras Claimants will litigate, and the Court ultimately will decide in this interpleader action is whether the Contreras Claimants' claim to the Policy Proceeds based on the language of the Divorce Decree [DE #1, Ex. E] has any merit and results in an award of the Proceeds to the Contreras Claimants. [DE #1, at ¶29.]

It is difficult to conceive a set of facts providing a more compelling basis to find that an innocent stakeholder, such as Principal Life, should be immune from liability and not be dragged into costly litigation. As the *Hovis* court explained, "[t]o allow [the interpleader plaintiff] to be exposed to liability under these circumstances would run counter to the very idea behind the interpleader remedy — namely, that a 'stakeholder [should] not [be] obliged at [its] peril to determine which claimant has the better claim.'" 553 F.3d at 265 (internal citation omitted); *see also Cable Communications Network, Inc. v. Aetna Cas. & Surety Co.*, 838 S.W. 2d 947, 951 (Tex. App. 14th Dist. 1992) (when faced with conflicting claims, "an insurance company should not be compelled to act as judge and jury at its own peril.")

For all of these reasons, the Noble Claimants' counterclaim against Principal Life should be dismissed with prejudice, since the Noble Claimants have not pled -- nor can they ever plead -- a set of facts establishing a "truly independent" claim against Principal Life (or establishing Principal Life's responsibility for the existence of the dispute.) Moreover, upon deposit of the Proceeds into the Registry of the Court, Principal Life should be discharged from this action. *See*

11

2588509v.1

*First Nat'l Bank & Trust Co. of Mt. Home v. Stonebridge Ins. Co.,* 4:06CV00898-WRW, 2007 U.S. Dist. LEXIS 20191 (E.D. Ark. March 20, 2007) (Holding that upon deposit of the funds, an insurer is to be discharged of further liability.)

## II. Principal Life Should Be Awarded Reasonable Fees And Costs.

Additionally, an interpleader plaintiff is entitled to recover costs and attorneys' fees when it is (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited funds into court, and (4) has sought a discharge from liability. *See Aaron v. Mahl,* 550 F.3d 659 (7th Cir. 2008); *Holmes v. Artists Rights Enforcement Corp.*, 148 Fed. Appx. 252 (6th Cir. 2005); *Koss v. UNUM Provident Corp.,* 2007 U.S. Dist. LEXIS 5060 (E.D. Mich. Jan. 24, 2007); *Septembertide Publishing v. Stein and Day*, 884 F.2d 675 (2d Cir. 1989); *New York Life Ins. Co. v. Miller,* 139 F.2d 657 (8th Cir. 1944); Wright, Miller & Kane, Federal Practice and Procedure § 1719 ("a federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action, whether brought under Rule 22 or the interpleader statute, whenever it is fair and equitable to do so"). In this case, Principal Life is a disinterested stakeholder that conceded liability, sought and was granted leave to deposit the funds into the court's registry [DE #20] and seeks discharge from liability in this motion. As such, Principal Life is entitled to an award of its reasonable fees and costs incurred in the prosecution of this interpleader.

This holds especially true when the stakeholder is put to additional, unnecessary expense in extricating itself from what should be a dispute over the interpleaded funds such as in the present case. *See Koss, supra; Allen v. Hudson,* 35 F.2d 330 (8th Cir. 1929); *The Equitable Life Assurance v. Miller,* 229 F. Supp. 1018 (D. Minn. 1964). The usual practice is to tax the costs and fees against the interpleader fund, although a court may tax a claimant directly when her or his conduct justifies doing so. *Id.*

In the present case, the Noble Claimants have caused Principal Life to expend considerable time and resources relative to the preparation of a joint initial status report as well as needlessly litigating the question of whether the Noble Claimants have a counterclaim for breach of contract and Principal Life may be discharged from this action. Specifically, the Noble Claimants have forced Principal Life to file the present motion when they refused to consider the case law supporting the dismissal of their counterclaim provided to their counsel in advance of motion practice.

Here, where the Noble Claimants have needlessly opposed and continue to needlessly oppose Principal Life's interpleader despite settled precedent to the contrary and continue to force it to incur unnecessary costs in litigating settled issues, this Court should award Principal Life its reasonable fees and costs incurred in this matter as set out by affidavit contemporaneously submitted to this court in the amount of not less than $9,620.00 in fees and $419.58 in costs, with additional fees and costs to be incurred as the Noble Claimants are certain to file an opposition to this motion, making a reply necessary and further fee expenditure by Principal Life.

## CONCLUSION

WHEREFORE, based on the foregoing, Principal Life respectfully requests this Court dismiss the Noble Claimants' counterclaim, in its entirety with prejudice, and grant its motion for entry of final decree of interpleader and award attorneys' fees and costs to be taxed against the Noble Claimants in an amount not less than $9,620.00 in fees and $419.58 in costs.

Respectfully submitted,

Dated: October 1, 2018

**PRINCIPAL LIFE INSURANCE COMPANY,**
Plaintiff/Stakeholder/Counter-Defendant

BY: */s/ Edna S. Kersting*

13

                                                    Edna S. Kersting  
                                                    55 W. Monroe Street, Suite 3800  
                                                    Chicago, IL 60603  
                                                    (312) 821-6162  
                                                    (312) 704-1522  
                                                    edna.kersting@wilsonelser.com

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on October 1, 2018 a true and correct copy of the foregoing document was electronically filed with the Court's ECF/CM system, which send notice of the filing to all counsel of record.

                                                 */s/ Edna S. Kersting*
                                                  Edna S. Kersting

2588509v.1