UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff/Stakeholder, | ) Case No. 18-CV-4576<br>)<br>) Judge Sharon Johnson Coleman |
| v. | )<br>) |
| SIEGRIED L. NOBLE, the ESTATE OF DEBORAH S.A. NOBLE, DOMINGO CONTRERAS, JR., individually, and as natural guardian and next of kin of L.N.C. and S.N.C., and ANDY NOBLE CONTRERAS, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants/Claimants. | ) |

**MEMORANDUM OPINION AND ORDER**

Principal Life Insurance Company brought this interpleader suit pursuant to Federal Rule of Civil Procedure 22 against Siegfried L. Noble and the Estate of Deborah S.A. Noble (the "Noble Claimants") and Domingo Contreras, Jr. and Andy Noble Contreras (the "Contreras Claimants"). Principal Life has moved for an entry of final decree of interpleader, to dismiss the Noble Claimants' counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), and for an award of attorney's fees and costs. For the reasons outlined below, Principal Life's motion [21] is granted in part and denied in part.

**Background**

This case involves a dispute over the payment of death benefits from a life insurance policy issued by Principal Life to Hazel Emily Noble Contreras (the "Decedent"). Effective September 15, 1983, Principal Life, under a prior name, issued life insurance policy No. 3458181 to the Decedent in the amount of $100,000. The Decedent designated her parents, the Noble Claimants, as primary

1

beneficiaries. Decedent married defendant/claimant Domingo Contreras, Jr. in 1990. The couple had three children and divorced in 2016 with the couple maintaining joint custody over the couple's minor children. As part of the divorce, the divorce decree stated that each party would "keep in effect a policy of life insurance insuring their own life for at least $100,000 with the other parent listed as the trustee for all 3 children of the marriage, with all 3 children listed as irrevocable beneficiaries." (Dkt. 1-5 at 6.) The Decedent died on November 12, 2017.

Under the terms of the policy, Principal Life became obligated to pay the sums due under the policy in the total amount of $94,779.60, reflecting subtractions of a prior loan. Principal Life received copies of completed claim forms from the Noble Claimants with a copy of Decedent's death certificate on December 11, 2017. The next day Principal Life received a telephone call from Domingo Contreras, Jr. requesting information regarding the policy and maintaining that he was entitled to the death benefit as a result of the terms of his divorce from the Decedent. Principal Life contacted the Noble Claimants and the Contreras Claimants to inform both parties that conflicting claims had been asserted, and on December 22, 2017, Principal Life informed both claimants of its intent to file an interpleader action and encouraged the parties to reach an amicable agreement prior to court involvement. Over the coming months, both parties retained counsel and informed Principal Life of their inability to reach a resolution.

On July 2, 2018, Principal Life filed the present action, interpleading the claimants and requesting leave to deposit the death benefit. The Noble Claimants filed counterclaims on September 10, 2018, against Principal Life for breach of contract and against the Contreras Claimants for tortious interference with contract. (Dkt. 12.) The Contreras Claimants filed a counterclaim against Principal Life on October 1, 2018, which it later voluntarily dismissed. (Dkt. 14–15.) On October 9, 2018, the Court granted Principal Life's motion to deposit funds with the

Court and Principal Life deposited its admitted liability of $94,808.74 plus interest through October 10, 2018 into the registry of the Court. (Dkt. 25.)

**Legal Standard**

"Interpleader is an equitable procedure used when the stakeholder is in danger of exposure to double liability or the vexation of litigating conflicting claims." *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008). It forces "'all the claimants to litigate their claims in a single action brought by the stakeholder.'" *Berthoud v. Veselik*, No. 01 C 6895, 2003 WL 1607661, at *2 (N.D. Ill. Mar. 26, 2003) (Andersen, J.) (quoting *Indianapolis Colts v. Mayor and City Council of Baltimore*, 733 F.2d 484, 486 (7th Cir. 1984)).

An interpleader action proceeds in two stages. *Aaron*, 550 F.3d at 663. During the first stage, the court determines whether interpleader is appropriate by assessing whether the court has jurisdiction over the action, whether the stakeholder actually is threated with multiple liability, and whether any equitable concerns exist regarding the use of interpleader. *Id.* The stakeholder "need not show that each competing claimant has a winning claim; a reasonable fear of double liability is enough." *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 704 (7th Cir. 2014); *see also Aaron*, 550 F.3d at 663. During the second stage, the merits of the case are resolved. *Aaron*, 550 F.3d at 663.

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all of the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). To survive a motion to dismiss, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Id.* at 632 (internal quotations and citation omitted). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Threadbare

recitals of the elements of a cause of action are not sufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

Principal Life first moves for an entry of final decree of interpleader. The Noble Claimants contend that the Court cannot do so because it does not have jurisdiction over Principal Life's interpleader complaint. However, their argument is based on the second stage of the interpleader process, which is not currently before the Court. Moreover, the Noble Claimants rely on the Rooker-Feldman doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). This is not a case brought by a "state-court loser," so this interpleader action cannot attack any state court judgment. *See Arnold*, 752 F.3d at 705. As such, the Court need not explore this argument further.

Principal Life relies on Federal Rule of Civil Procedure 22, which provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). Diversity exists for Rule 22 interpleader actions when the stakeholder is diverse from all claimants, but the claimants must not be diverse from one another. *Arnold*, 752 F.3d at 704. Diversity jurisdiction is proper because Principal Life (a citizen of Iowa), is diverse from the Noble Claimants and Contreras Claimants (all citizens of Illinois), and the amount in controversy exceeds $75,000. Jurisdiction is therefore proper under 28 U.S.C. § 1332(a). *Id.*

The Noble Claimants focus their opposition on the merits of their claim to the death benefit and their counterclaim. Principal Life responds that the Noble Claimants' arguments on the merits are incorrect, but also asserted at the improper time. Instead, Principal Life contends that the focus

4

should be whether the Principal Life actually is threated with multiple liability and whether any equitable concerns prevent the use of interpleader. *Aaron*, 550 F.3d at 663. Indeed, at this point, the Court is not required to assess the merits of the competing claims because the stakeholder should not be obliged at its peril to determine which of two claimants has the better claim. *Id.*

Here, Principal Life unquestionably is faced with competing claims to Decedent's death benefit from the Noble Claimants and the Contreras Claimants. The Noble Claimants filed a claim for the death benefit and the Contreras Claimants asserted their own rights to the death benefit. In response, Principal Life notified the claimants of the conflicting claims and encouraged them to resolve the dispute, otherwise it would file an interpleader action to resolve the issue. The claimants both obtained counsel and filled counterclaims in this action, further supporting Principal Life's danger of exposure to double liability.

The next inquiry is whether Principal Life should be discharged from the interpleader action. Because Principal Life has no claim to the death benefit and has asserted that it "is willing to release it to the rightful claimant," the Court concludes that this is exactly the type of situation in which an interpleader action is appropriate. *Commercial Nat. Bank of Chicago v. Demos*, 18 F.3d 485, 487 (7th Cir. 1994). Accordingly, having already deposited the proper funds with the Clerk of Court, Principal Life is dismissed from the interpleader action with prejudice. *See, e.g.*, *Jackson Nat'l Life Ins. Co. v. Hardin*, No. 16-CV-2624, 2016 WL 3539133, at *7 (N.D. Ill. June 28, 2016) (Dow, J.) (dismissing insurance company from the case and discharging all liability under the annuity, the death benefit of which are disputed); *Aaron*, 550 F.3d at 666 ("Merrill Lynch's fear of conflicting claims was real and reasonable, and the district court properly granted interpleader to Merrill Lynch.").

Next, the Court must consider whether the Noble Claimants' counterclaim is precluded by the interpleader action, which in itself does not shield Principal Life from claims that are truly independent. Principal Life contends that the Noble Claimants' counterclaim is solely premised on

5

the assertion that Principal Life should have concluded that the Noble Claimants are the only rightful beneficiaries of the policy and should have paid the death benefit to the Noble Claimants. The Noble Claimants do not respond to Principal Life's motion to dismiss the counterclaim, which proves fatal to their claim. "Arguments not developed in any meaningful way are waived." *Cent. States, Se. & Sw. Areas Pension Fund v. Midwest Motor Exp., Inc.*, 181 F.3d 799, 808 (7th Cir. 1999). Thus, because the Noble Claimants do not oppose the motion to dismiss, they abandon the litigation as to their counterclaim. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *see also Cincinnati Ins. Co. v. Eastern Atlantic Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (holding that failure to oppose an argument permits an inference of acquiescence, which "operates as a waiver").

Moreover, the Court finds Principal Life's motion to dismiss is proper. Although the interpleader device is not "an all-purpose get-out-of-jail-free card," it does shield the stakeholder from liability based on its failure to resolve the controversy over entitlement to the stake in one claimant's favor. *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 265 (3d Cir. 2009). Here, the Noble Claimants' counterclaim against Principal Life falls squarely within the zone of claims that are inconsistent with interpleader relief. Their counterclaim does not allege that Principal Life is responsible for the existence of the beneficiary controversy. Rather, the Noble Claimants contend that Principal Life's recognition of the Contreras Claimants' claim to the death benefits and delay in paying out those benefits to the Noble Claimants are wrongful. As such, the Court finds that the Noble Claimants' counter-claim is subject to dismissal on the merits, as well. *See id.*; *see also Allstate Life Ins. Co. v. Shaw*, No. 15-11761, 2016 WL 1640461, at *5 (E.D. Mich. Apr. 26, 2016) (dismissing counter-claim against insurer that was premised only on the claimant's contention that recognizing the competing claim to death benefits and failing to pay those benefits was wrongful).

In addition, Principal Life seeks an award of attorney's fees and costs. In an interpleader action, the Court may award costs if it determines the costs to be reasonable and if the stakeholder's

6

efforts are not part of its normal course of business. *Aaron*, 550 F.3d at 667. The Noble Claimants cite authority holding that interpleader actions are a part of an insurance company's regular business. *See Midland Nat. Life Ins. Co. v. Ingersoll*, No. 13-C-1081, 2014 WL 7240268, at *3 (E.D. Wis. Dec. 18, 2014) (denying insurer's motion to deduct its costs and fees from the fund on deposit with the court because resolving disputes over beneficiaries is a foreseeable business expense). Principal Life responds, without elaboration, that the underlying dispute is not part of Principal Life's regularly business practice.

Principal Life makes no attempt to support its conclusory statement regarding the frequency with which this type of dispute arises in its business. Many district courts that have examined whether insurance companies should be excluded from receiving attorney's fees in interpleader actions have held that interpleader is a part of insurers' regular business. *See, e.g.*, *Midland Nat. Life*, 2014 WL 7240268 at *3; *Minnesota Mut. Life Ins. Co. v. Gustafson*, 415 F. Supp. 615, 618 (N.D. Ill. 1976) (Will, J.); *Unum Life Ins. Co. of Am. v. Kelling*, 170 F. Supp. 2d 792, 796 (M.D. Tenn. 2001). Here, too, Principal Life should pay the costs of relieving itself of liability to the proper claimants, just as the Noble Claimants and Contreras Claimants will pay the costs of their own representation. *See Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 562 (7th Cir. 1994). Principal Life benefits from this interpleader action because it immunizes the company from further liability under the contested policy. It is an inevitable and expected risk in the insurance business that conflicting claims may arise concerning the proceeds of a policy. Interpleader discharges Principal Life from liability in regard to the fund, but the fund must not also be bound to front the ordinary costs of the company.

**Conclusion**

Based on the foregoing, the Court discharges Principal Life of liability and directs the Court to enter a final decree of interpleader. The Court also dismisses the Noble Claimants' counterclaim

pursuant to Federal Rule of Civil Procedure 12(b)(6). Principal Life's motion for an award of attorney's fees and costs is denied. Thus, Principal Life's motion [21] is granted in part and denied in part.

IT IS SO ORDERED.

Date: 4/17/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge