UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff/Stakeholder, | ) Case No. 18-CV-4576<br>)<br>) Judge Sharon Johnson Coleman |
| v. | )<br>) |
| SIEGRIED L. NOBLE, the ESTATE OF DEBORAH S.A. NOBLE, DOMINGO CONTRERAS, JR., individually, and as natural guardian and next of kin of L.N.C. and S.N.C., and ANDY NOBLE CONTRERAS, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants/Claimants. | ) |

**MEMORANDUM OPINION AND ORDER**

This action arises out of an interpleader suit that Principal Life Insurance Company brought pursuant to Federal Rule of Civil Procedure 22 against Siegfried L. Noble and the Estate of Deborah S.A. Noble (the "Noble Claimants") and Domingo Contreras, Jr. and Andy Noble Contreras (the "Contreras Claimants"). On September 10, 2018, the Noble Claimants filed a counterclaim against Principle Life for breach of contract and against the Contreras Claimants for tortious interference with contract. The Noble Claimants have now filed a Rule 56 motion for summary judgment against the Contreras Claimants on their tortious interference with contract claim. For the reasons outlined below, the Noble Claimants' motion [41] is denied.

**Background**

The following facts are undisputed unless otherwise noted. This case involves a dispute over the payment of death benefits from a life insurance policy issued by Principal Life to Hazel Emily Noble Contreras (the "Decedent"). Effective September 15, 1983, Principal Life, under a prior name, issued life insurance policy No. 3458181 to the Decedent in the amount of $100,000. The

1

Decedent designated her parents, the Noble Claimants, as primary beneficiaries in the policy. Decedent married defendant/claimant Domingo Contreras, Jr. in 1990. The couple had three children and divorced in 2016. As part of the divorce, the divorce decree stated that each party would "keep in effect a policy of life insurance insuring their own life for at least $100,000 with the other parent listed as the trustee for all 3 children of the marriage, with all 3 children listed as irrevocable beneficiaries." (Dkt. 44-1 at ¶5.) The Decedent died on November 12, 2017.

Under the terms of the policy, Principal Life became obligated to pay the sums due under the policy in the total amount of $94,779.60, reflecting subtractions of a prior loan. Principal Life received copies of completed claim forms from the Noble Claimants with a copy of Decedent's death certificate on December 11, 2017. The next day Principal Life received a telephone call from Domingo Contreras, Jr. requesting information regarding the policy and maintaining that he was entitled to the death benefit as a result of the terms of his divorce from the Decedent. Principal Life contacted the Noble Claimants and the Contreras Claimants to inform both parties that conflicting claims had been asserted, and on December 22, 2017, Principal Life informed both claimants of its intent to file an interpleader action. Over the coming months, both parties retained counsel and informed Principal Life of their inability to reach a resolution regarding the conflicting claims.

On July 2, 2018, Principal Life filed an action interpleading the claimants and requesting leave to deposit the death benefit. The Noble Claimants filed counterclaims on September 10, 2018, against Principal Life for breach of contract and against the Contreras Claimants for tortious interference with contract. (Dkt. 12.) The Contreras Claimants filed a counterclaim against Principal Life on October 1, 2018, which it later voluntarily dismissed. (Dkt. 14–15.) On October 9, 2018, the Court granted Principal Life's motion to deposit funds with the Court and Principal Life deposited its admitted liability of $94,808.74 plus interest through October 10, 2018 into the registry of the Court. (Dkt. 25.) On April 17, 2018, the Court discharged Principle Life of liability and

entered a final decree of interpleader. (Dkt. 38.) The Court additionally dismissed the Noble Claimants' counterclaim for breach of contract against Principle Life pursuant to Rule 12(b)(6). (*Id.*) On May 13, 2019, the Noble Claimants filed this Rule 56 motion for summary judgment against the Contreras Claimants on their tortious interference with contract counterclaim. (Dkt. 41.)

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine dispute as to any material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 367 (7th Cir. 2019). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (citation omitted).

**Discussion**

To prove tortious interference with contract, the Noble Claimants must show: "(1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of the contract; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by the defendant's conduct; and (5) damages." *Hess v. Kanoski & Assocs.*, 668 F.3d 446, 454 (7th Cir. 2012) (quoting *Complete Conference Coordinators, Inc. v. Kumon N. Am., Inc.*, 394 Ill. App. 3d 105, 915 N.E.2d 88, 93 (2009)). The Noble Claimants have not met this standard.

First, the Noble Claimants have not established that the Contreras Claimants' challenge to the Decedent's life insurance proceeds is unjustified. The Noble Claimants argue that Domingo was unjustified in contacting Principle Life to assert a claim in the first place and then was unjustified in refusing to withdraw his challenge to the proceeds. They argue that Domingo did not abide by the divorce decree himself because he did not maintain a life insurance policy, so he should not have asserted a claim to the Decedent's policy. (Dkt. 41-2 at 13.) The Noble Claimants further argue that Domingo had no basis to assume that the Decedent's existing policy with Principle Life is what was contemplated by the divorce decree, given that policy has been in place since she was fifteen years old. On the other hand, the Contreras Claimants argue that their claim to Decedent's life insurance proceeds was justified because the divorce decree between Domingo and the Decedent required both parties to maintain a life insurance policy with the beneficiaries being their three children. Thus, they argue, the children have an equitable right to the proceeds against any other named beneficiary and Domingo was justified in requesting the life insurance payout.

The Contreras Claimants are right that Illinois recognizes an equitable right to life insurance proceeds for beneficiaries when a divorce decree requires the parties to maintain life insurance for the benefit of those beneficiaries. *See Smithberg v. Illinois Mun. Ret. Fund*, 192 Ill. 2d 291, 300–01, 735 N.E.2d 560, 566 (2000) ("It has been generally held that, when marital settlement agreements require an insured to maintain life insurance for the benefit of a particular beneficiary, that beneficiary has an enforceable equitable right to the proceeds of the insurance policies against any other named beneficiary except one with a superior equitable right"). Accordingly, the Contreras Claimants had a legal basis for maintaining a claim for the Decedent's life insurance payout and were therefore justified in making a claim to it.

The second reason the Noble Claimants motion fails is that they have not shown an underlying breach to support a tortious interference of contract claim. To adjudicate a tortious

4

interference claim, a court must determine if a breach of the relevant contract has actually occurred. *See Voelker v. Porsche Cars North America, Inc.*, 353 F.3d 516, 527–28 (7th Cir. 2003). The Noble Claimants argue that the breach element of tortious interference is satisfied because they have not yet received a payout from Principle Life. Principle Life, however, has not refused to pay out the proceeds under the Decedent's life insurance policy. Rather, it has filed an interpleader and deposited the proceeds in account held by the Court because multiple parties presented conflicting claims to the payout.

Principle Life's filing of an interpleader is not a breach of contract that can support a tortious interference of contract claim. When an interpleader is properly asserted, counterclaims asserting breach of contract for failing to pay out the interpleaded funds are disallowed. *See Metro. Life Ins. Co. v. Yitao Sun*, No. 12 C 6036, 2013 WL 4759586, at *6 (N.D. Ill. Sept. 4, 2013) (Feinerman, J.); *Abstract & Title Guar. Co. v. Chi. Ins. Co.*, 2006 WL 1343860, at *4 (S.D.Ind. May 12, 2006) ("[Defendant] cannot be liable to [Plaintiff] for breach of contract because of its lawful commencement of the interpleader action"); *Lutheran Bhd. v. Comyne*, 216 F.Supp.2d 859, 862–63 (E.D.Wis. 2002) (same) (collecting cases); *U.S. Trust Co. of N.Y. v. Alpert*, 10 F.Supp.2d 290, 307 (S.D.N.Y. 1998) (same). This can be the only rational conclusion given that a party lawfully bringing an interpleader complaint is adhering to a statutorily authorized procedure. *See* Fed. R. Civ. P. 22. Accordingly, the Noble Claimants' reliance on Principle Life's filing of a lawful interpleader in this case cannot be the breach of contract that supports its tortious interference claim.

Because the Noble Claimants cannot demonstrate at least two of the elements of tortious interference with contract, their motion for summary judgment on this claim fails.

**Conclusion**

For these reasons, this Court denies summary judgment in favor of the Noble Claimants on Count II of the Noble Claimants' Counterclaim.

IT IS SO ORDERED.

Date: 3/11/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge